UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

ROY A. SALENIUS,

        Petitioner,

  v.                                                        Case No. 22-cv-603-pp

CHRIS BUESGEN,

        Respondent.

---

**ORDER SCREENING *HABEAS* PETITION (DKT. NO. 1) AND REQUIRING RESPONDENT TO FILE ANSWER OR RESPONSIVE PLEADING**

---

      On May 20, 2022, the petitioner, who currently is incarcerated at Stanley Correctional Institution and is representing himself, filed a petition for writ of *habeas corpus* under 28 U.S.C. §2254, challenging his 2013 conviction for sexual assault. Dkt. No. 1. He has paid the $5.00 filing fee. This order screens the petition under Rule 4 of the Rules Governing Section 2254 Cases. Because it does not plainly appear from the face of the petition that the petitioner is not entitled to relief, the court will order the respondent to answer or otherwise respond.

**I.    Background**

      The petition refers to <u>State of Wisconsin v. Roy A. Salenius</u>, Columbia County Case No. 2011CF473 (available at https://wcca.wicourts.gov). The court has reviewed the publicly-available docket for that case. It reflects that on December 8, 2011, the State filed a criminal complaint against the petitioner.

1

Id. On November 14, 2013, a jury found the petitioner guilty of repeated sexual assault of a child. Id. On March 11, 2014, the state court sentenced the petitioner to ten years of initial confinement followed by ten years of extended supervision. Id. The state court entered the judgment of conviction on March 12, 2014. Id.

On January 12, 2015, the petitioner filed his notice of appeal. Id. On October 6, 2015, the Wisconsin Court of Appeals dismissed the appeal. Id. The petitioner filed a postconviction motion on October 5, 2015. Id. On January 22, 2016 the circuit court denied the motion for postconviction relief. Dkt. No. 1-1 at 3. On February 16, 2017, the Wisconsin Court of Appeals affirmed the circuit court's denial. Id. at 4. On May 15, 2017, the Wisconsin Supreme Court denied the petition for review. Id. at 5. On December 26, 2017, the petitioner filed an additional motion for post-conviction relief. Salenius, Columbia County Case No. 2011CF473. On January 10, 2020, the circuit court denied the motion. Dkt. No. 1-1 at 6. On November 4, 2021, the court of appeals affirmed the circuit court's denial. Id. at 7. On April 13, 2022, the Wisconsin Supreme Court denied the petition for review. Id. at 8.

## II. Rule 4 Screening

### A. Standard

Rule 4 of the Rules Governing §2254 proceedings provides:

> If it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion or other response within a fixed time, or to take other action the judge may order.

A court allows a *habeas* petition to proceed unless it is clear that the petitioner is not entitled to relief in the district court. At the screening stage, the court expresses no view as to the merits of any of the petitioner's claims. Rather, the court reviews the petition and exhibits to determine whether the petitioner alleges he is in custody in violation of the "Constitution or laws or treaties of the United States." 28 U.S.C. §2254(a). If the state court denied the petition on the merits, this court can grant the petition only if the petitioner is in custody as a result of: (1) "a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the United States Supreme Court, or (2) "a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. §2254(d).

The court also considers whether the petitioner filed within the limitation period, exhausted his state court remedies and avoided procedural default. Generally, a state prisoner must file his *habeas* petition within one year of the judgment becoming final. 28 U.S.C. §2254(d)(1)(A). In addition, the state prisoner must exhaust the remedies available in the state courts before the district court may consider the merits of his federal petition. 28 U.S.C. §2254(b)(1)(A). If the district court discovers that the petitioner has included an unexhausted claim, the petitioner either must return to state court to exhaust the claim or amend his petition to present only exhausted claims. Rose v. Lundy, 455 U.S. 509, 510 (1982).

Finally, even if a petitioner has exhausted a claim, the district court may still be barred from considering the claim if the petitioner failed to raise the claim in the state's highest court in a timely fashion or in the manner prescribed by the state's procedural laws. See O'Sullivan v. Boerckel, 526 U.S. 838, 848 (1999); Thomas v. McCaughtry, 201 F.3d 995, 1000 (7th Cir. 2000).

B.  Analysis

The petition lists twenty-one grounds for relief, all of which allege ineffective assistance of the petitioner's trial counsel. Dkt. No. 1 at 12-27. Ineffective assistance claims generally are cognizable on federal *habeas* review. See Lee v. Kink; 922 F.3d 772, 774 (7th Cir. 2019) (recognizing availability of *habeas* relief for ineffective assistance of trial counsel).

The court cannot say that it is clear from the face of the petition that it was not timely filed, even though the petitioner is challenging a conviction from 2014. The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a one-year limitation period for a *habeas* petition; it requires a petitioner to file his federal *habeas* petition within one year from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or law of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

4

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. §2244(d).

More than one year has passed since the petitioner's judgment became final. But subsection (2) of the statute provides for tolling of the one-year period for "properly filed" state post-conviction motions. 28 U.S.C. §2244(d)(2). The record shows that the petitioner has filed several state post-conviction motions. Whether they were "properly filed," and how much time since the petitioner's conviction became final might be excluded because of those motions, is impossible for the court to determine at this stage. Because the limitation period is an affirmative defense and the State has the burden of proving that a petition was not timely filed, Gildon v. Bowen, 384 F.3d 883, 886 (7th Cir. 2004), the court cannot conclude at the screening stage that the petition was not timely filed.

Without the benefit of examining the entire record of the petitioner's post-conviction motions in the Wisconsin state courts, it is premature for the court to consider whether the petitioner has properly exhausted all his grounds for federal habeas relief. Failure to exhaust, like the limitation period, is an affirmative defense more appropriately raised and argued by the respondent. See Perruquet v. Briley, 390 F.3d 505, 517 (7th Cir. 2004). The court will allow the petitioner to proceed and order the respondent to answer or otherwise respond.

### III. Conclusion

The court **ORDERS** that the petitioner may proceed on the grounds described in his *habeas* petition.

The court **ORDERS** that within sixty days of the date of this order, the respondent must answer or otherwise respond to the petition, complying with Rule 5 of the Rules Governing §2254 Cases, and showing cause, if any, why the writ should not issue.

The court **ORDERS** that the parties must comply with the following schedule for filing briefs on the merits of the petitioner's claims:

(1) the petitioner has forty-five days after the respondent files the answer to file a brief in support of his petition;

(2) the respondent has forty-five days after the petitioner files his initial brief to file a brief in opposition;

(3) the petitioner has thirty days after the respondent files the opposition brief to file a reply brief, if he chooses to file such a brief.

If, instead of filing an answer, the respondent files a dispositive motion:

(1) the respondent must include a brief and other relevant materials in support of the motion;

(2) the petitioner then must file a brief in opposition to that motion within forty-five days of the date the respondent files the motion;

(3) the respondent has thirty days after the petitioner files his opposition brief to file a reply brief, if the respondent chooses to file such a brief.

6

The parties must submit their pleadings in time for the court to *receive* them by the stated deadlines.

Under Civil Local Rule 7(f), briefs in support of or in opposition to the *habeas* petition and any dispositive motions shall not exceed thirty pages, and reply briefs may not exceed fifteen pages—not counting any statements of fact, exhibits and affidavits. The court asks the parties to double-space any typed documents.

Under the Memorandum of Understanding between the Wisconsin Department of Justice (DOJ) and the U.S. District Court for the Eastern District of Wisconsin, the court will notify the DOJ (through the Criminal Appeals Unit Director and lead secretary) of this order via Notice of Electronic Filing (NEF). The DOJ will inform the court within twenty-one days of the date of the NEF whether it will accept service on behalf of the respondent (and, if not, the reason for not accepting service and the last known address of the respondent). The DOJ will provide the pleadings to the respondent on whose behalf it has agreed to accept service of process.

Dated in Milwaukee, Wisconsin this 30th day of January, 2023.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**Chief United States District Judge**