ROY A. SALENIUS,

    Petitioner,

 v.             Case No. 22-cv-603-pp

CHRIS BUESGEN,

    Respondent.[1]

**ORDER GRANTING RESPONDENT'S PARTIAL MOTION TO DISMISS *HABEAS* PETITION (DKT. NO. 9) AND SETTING BRIEFING SCHEDULE ON REMAINING GROUNDS**

On May 20, 2022, the petitioner, who is representing himself, filed a petition for writ of *habeas corpus* under 28 U.S.C. §2254, challenging his 2013 conviction for sexual assault. Dkt. No. 1. The court screened the petition and

---

[1] At the time he filed his petition, the petitioner was incarcerated at Stanley Correctional Institution. Respondent Chris Buesgen is the warden of that facility. On September 13, 2023, the clerk's office received a call from the petitioner, reporting that he no longer was incarcerated and providing an updated address in Portage, Wisconsin. The petitioner's release does not necessarily moot his petition; he was incarcerated at the time he filed the *habeas* petition, "which is all that the 'in custody' provision of 28 U.S.C. § 2254 requires." Spencer v. Kemna, 523 U.S. 1, 7 (1998) (citations omitted). That said, a petitioner's release from custody *can* moot a *habeas* petition if the release results in the petition no longer presenting a case or controversy under Article III. Id. Once an incarcerated person's sentence has expired "some concrete and continuing injury other than the now ended incarceration or parole—some 'collateral consequence' of the conviction—must exist if the suit is to be maintained." Id. The respondent has not had the opportunity to address the mootness question because the motion to dismiss was fully briefed just under two months *before* the petitioner was released; he will have a chance to do so in the briefing on the remaining grounds.

determined that the petitioner could proceed on the twenty-one grounds stated in his petition. Dkt. No. 6. On March 30, 2023, the respondent filed a motion to dismiss, arguing that the petitioner had procedurally defaulted on eighteen of those grounds. Dkt. No. 9. The petitioner opposed the motion. Dkt. No. 14. The court will grant the respondent's motion, dismiss some of the grounds stated in the petition and set a briefing schedule on the remaining grounds.

## I. Background

### A. State Case & Post-Conviction Proceedings

On November 14, 2013, a jury found the petitioner guilty of repeated sexual assault of a child. Dkt. No. 10-5 at 14. The state court sentenced the petitioner to ten years of initial confinement followed by ten years of extended supervision. Id. The court entered the judgment of conviction on March 12, 2014. Id. at 15. The petitioner appealed that conviction on January 12, 2015; the Wisconsin Court of Appeals dismissed the appeal ten months later. Id. at 11. On October 5, 2015, the petitioner filed a postconviction motion arguing that his trial counsel was ineffective. Id.; Dkt. No. 10-1 at ¶7. The circuit court denied that motion on January 22, 2016. Dkt. No. 10-5 at 12. The Wisconsin Court of Appeals affirmed the denial, finding that trial counsel's performance was not ineffective and that the trial court properly excluded evidence of the victim's mental health. Dkt. No. 10-1 at ¶¶14, 19, 24, 29. The Wisconsin Supreme Court denied the petition for review. Dkt. No. 10-5 at 12.

The petitioner filed a second postconviction motion on December 26, 2017. Id. He asserted "multiple claims of ineffective assistance of trial counsel

and ineffective assistance of postconviction counsel for failing to pursue those claims." Dkt. No. 10-2 at 2. The circuit court found that the "majority" of the petitioner's ineffective assistance of trial counsel claims had been litigated in his first postconviction motion and appeal. Id. The circuit court denied the second postconviction motion. Dkt. No. 10-5 at 13. On appeal, the petitioner briefed only two of the twenty-one ineffective assistance of counsel claims he had raised in the second postconviction motion. Dkt. No. 10-2 at 3. The petitioner stated that he had attempted to brief the other nineteen issues but could not do so without leave of court to file an oversized brief, which the court denied. Dkt. No. 10-3 at 22. The petitioner included in the appendix to his appellate brief argument about those nineteen grounds. Dkt. No. 10-2 at 3. The Wisconsin Court of Appeals declined to consider those arguments, stating that "this court does not consider arguments from an appendix to an appellant's brief. We consider only the arguments set forth in the appellant's brief." Id. The court of appeals affirmed the circuit court's denial of the petition. Id. at 7. On January 20, 2022, the Wisconsin Supreme Court denied the petition for review of the second postconviction motion. Dkt. No. 10-5 at 21.

      B.     Federal *Habeas* Petition (Dkt. No. 1)

On May 20, 2022, the petitioner filed his federal *habeas* petition. Dkt. No. 1. The petitioner raised the same twenty-one claims of ineffective assistance of counsel that he identified in his second postconviction motion. Compare Dkt. No. 1 at 12–27 with Dkt. No. 14 at 234–38. As noted, this court

screened the petition and allowed the petitioner to proceed on all twenty-one grounds. Dkt. No. 6 at 6.

In seeking dismissal, the respondent argues that Grounds Four through Twenty-One of the petition are procedurally defaulted because the petitioner did not fairly present them to the state court. Dkt. No. 10 at 1. He argues that the petitioner first raised these grounds in his second postconviction motion. Id. at 4. When the petitioner appealed the denial of the second postconviction motion, he briefed only what are now Grounds One and Two of his petition, providing argument on the remaining grounds in the appendix to his appellate brief.[2] Id. at 4–5. The respondent argues that this is insufficient presentment to the state courts on these grounds because "Wisconsin appellate courts deem '[a]rguments raised but not briefed or argued . . . abandoned.'" Id. at 6 (quoting Post v. Schwall, 157 Wis. 2d 652, 460 N.W.2d 794, 796 (Wis. Ct. App. 1990)). The respondent asserts that the petitioner's attempt to incorporate the appendix or his circuit court motion by reference is insufficient for fair presentment purposes. Id. at 7 (citing Baldwin v. Reese, 541 U.S. 27, 32 (2004)).

The petitioner asks the court to disregard and "dismiss" the respondent's motion to dismiss and to review each of his twenty-one grounds *de novo*.[3] Dkt.

---

[2] The respondent concedes that Ground Three was fairly presented on direct appeal. Dkt. No. 10 at 1 n.1.

[3] This federal court does not have the authority to review the petitioner's claims *de novo*. A federal *habeas* court is limited to reviewing the decision issued by the state court, and then may grant a *habeas* petition only if that state court decision was contrary to or involved an unreasonable application of clearly

4

No. 14 at 2. He also argues that "there is no need for further briefing from either side," because the respondent has had ample time in the past to brief the issues.[4] Id. The petitioner insists that he *did* fairly present Grounds Four through Twenty-One in his appellate brief. Id. at 4. He argues that his second postconviction motion—which contained arguments on each of the twenty-one grounds for relief—was part of the record on appeal and argues that the appellate court should have considered all the grounds raised in that motion. Id. at 4–5. The petitioner concedes that he included argument on only two issues in his appellate brief-in-chief; he explains that he included argument for the other nineteen claims "in the appendix as a courtesy" but that he "alert[ed] the Appellate court to presence of the argument" in the underlying motion and appendix. Id. at 5. The petitioner takes issue with the appellate court's refusal to consider arguments contained in the appendix, stating that the court did not "cit[e] any controlling law to validate its actions" and opining that the appellate court's reasoning was "invalid." Id. at 9–10. The remainder of the petitioner's opposition brief discusses his disputes with how the trial and appellate courts handled his postconviction motions but does not directly address whether he fairly presented his claims to the courts. See id. at 10–16.

---

established federal law or was based on an unreasonable determination of the facts. 28 U.S.C. §2254(d).

[4] This court requires parties to file briefs in support of and in opposition to *habeas* petitions, to assist the court in determining whether the petitioner is entitled to relief under the federal *habeas* standard.

5

The respondent reiterates in reply that by failing to argue nineteen of his claims in his main brief, the petitioner did not fairly present those claims to the state courts. Dkt. No. 15 at 2. The respondent argues that the petitioner has failed to demonstrate cause and prejudice to excuse his procedural default. Id. He cites to a decision from Judge J.P. Stadtmueller of this district that similarly rejected a petitioner's "it-was-in-my-appendix argument" as insufficient for fair presentment. Id. at 3–4 (quoting Tolonen v. Hepp, Case No. 09-CV-498, 2010 WL 2540953, at *7 (E.D. Wis. June 18, 2010)).

## II. Analysis

### A. Legal Standard

Under the Antiterrorism and Effective Death Penalty Act of 1996, a state prisoner must first exhaust available state court remedies before bringing a federal *habeas* petition. 28 U.S.C. §2254(b)(1)(A). The exhaustion requirement gives the state an "opportunity to pass upon and correct" alleged violations of its prisoners' federal rights. Bolton v. Akpore, 730 F.3d 685, 694 (7th Cir. 2013) (quoting Duncan v. Henry, 513 U.S. 364, 365 (1995)). To exhaust his claims, "[a] petitioner must raise his constitutional claims in state court 'to alert fairly the state court to the federal nature of the claim and to permit that court to adjudicate squarely that federal issue.'" Weddington v. Zatecky, 721 F.3d 456, 465 (7th Cir. 2013) (quoting Villanueva v. Anglin, 719 F.3d 769, 775 (7th Cir. 2013)). Any claims a petitioner failed to fairly present to the state court are procedurally defaulted. Id. at 456 (quoting Smith v. McKee, 598 F.3d 374, 382 (7th Cir. 2010)).

B.  Fair Presentment

"[F]or a constitutional claim to be fairly presented to a state court, both the operative facts and the 'controlling legal principles' must be presented to that court." Verdin v. O'Leary, 972 F.2d 1467, 1474 (7th Cir. 1992) (citing Picard v. Connor, 404 U.S. 270, 277 (1971)). "'It is not enough that all the facts necessary to support the federal claim were before the state courts, or that a somewhat similar state-law claim was made.'" Id. (quoting Anderson v. Harless, 459 U.S. 4, 6 (1982)). And "a state prisoner does not 'fairly present' a claim to a state court if that court must read beyond a petition or a brief (or a similar document) that does not alert it to the presence of a federal claim in order to find material, such as a lower court opinion in the case, that does so." Baldwin v. Reese, 541 U.S. 27, 32 (2004).

The brief the petitioner filed in the court of appeals contains briefing and argument on only two of the grounds for relief, while arguments on the remainder were relegated to the appendix of the brief. Dkt. No. 14 at 233–38. The brief to the Wisconsin Supreme Court contained only *headers* for nineteen grounds and directed the court to the petitioner's original motion for argument. Id. at 21–25. A petitioner does not fairly present a claim by asking the court to go outside "the four corners of the document in order to understand the contention's nature and basis." Lockheart v. Hulick, 443 F.3d 927, 929 (7th Cir. 2006) (finding that petitioner failed to fairly present his claims by omitting them from his petition for leave to appeal to the Supreme Court of Illinois); Baldwin, 541 U.S. at 32. This is especially so where, as here, the applicable

7

state procedural rules do not allow incorporation by reference of other pleadings. State v. Flynn, 190 Wis. 2d 31, 58 (Wis. Ct. App. 1994) (petitioner may not "circumvent" court page limits by incorporating trial court documents by reference to add additional arguments on appeal).[5]

Because the petitioner did not include arguments supporting Grounds Four through Twenty-One in his briefs before the Wisconsin Court of Appeals or the Wisconsin Supreme Court, he did not fairly present them to either court. Grounds Four through Twenty-One are procedurally defaulted.

C. Cause and Prejudice

When a petitioner's claims are procedurally defaulted, the court must consider whether to excuse that default. Coleman, 501 U.S. at 750. The petitioner must show either (1) cause for the default and resulting prejudice or (2) that the failure to consider the federal claim will result in a fundamental miscarriage of justice. Id. (citations omitted). "[T]he existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the state's procedural rule." Murray v. Carrier, 477 U.S. 478, 488

---

[5] Wis. Stat. §809.19(8)(c)(1) gives a party fifty pages to file the statement of the case, the argument and the conclusion. The petitioner has not explained why those fifty pages were not sufficient for him to brief his arguments on all twenty-one grounds. Multiple times, the petitioner asserts in his brief in opposition to the motion to dismiss that the courts' insistence on his following procedural rules discriminated against him as a *pro se* litigant; he says that courts must be more liberal with *pro se* litigants than with represented ones. But while it is true that "courts are required to give liberal construction to pro se pleadings" . . . "it is also well established that pro se litigants are not excused from compliance with procedural rules." Pearle Vision, Inc. v. Room, 541 F.3d 751, 758 (7th Cir. 2008) (citations omitted).

(1986). "Prejudice means an error which so infected the entire trial that the resulting conviction violates due process." Weddington, 721 F.3d at 465 (quoting Smith, 598 F.3d at 382). To show that a miscarriage of justice will occur if the court were to deny *habeas* relief, a petitioner must show that he is actually innocent of the offenses of which he was convicted. Hicks v. Hepp, 871 F.3d 513, 531 (7th Cir. 2017). A petitioner asserting actual innocence "must establish that, in light of new evidence, 'it is more likely than not that no reasonable juror would have found [the] petitioner guilty beyond a reasonable doubt.'" House v. Bell, 547 U.S. 518, 536–37 (2006) (quoting Schlup v. Delo, 513 U.S. 298, 327 (1995)).

The petitioner insists that the state courts' requirement that he follow procedural rules discriminated against him as a *pro se* litigant. Even if the court were to accept that argument as proving the "prejudice" prong, the petitioner has not alleged cause, and the court cannot find that cause existed. The petitioner has not asserted that "some objective factor external to the defense" impeded his efforts to fairly present his claims to the state court, Murray, 477 U.S. at 488, nor has he alleged that an error "so infected the entire trial that the resulting conviction violates due process," Weddington, 721 F.3d at 465. The petitioner has not explained why he did not raise all twenty-one ineffective assistance of counsel claims in his first post-conviction motion. He has not explained why he could not fit argument on all twenty-one grounds into the brief on appeal from the denial of the second postconviction motion. Although the petitioner asserts in a conclusory fashion that he is "an innocent

9

man who was convicted by false evidence," dkt. no. 14 at 2, he has not presented any new evidence sufficient to establish that it is more likely than not that a reasonable jury would not have found him guilty beyond a reasonable doubt.

The court will dismiss Grounds Four through Twenty-One of the petition as procedurally defaulted. The court will allow Grounds One, Two and Three of the petition to proceed to merits briefing.

### III. Conclusion

The court **GRANTS** the respondent's partial motion to dismiss. Dkt. No. 9.

The court **ORDERS** that the respondent must file an answer to Grounds One through Three of the *habeas* petition within sixty days of the date of this order.

The court **ORDERS** that the parties must comply with the following schedule for filing briefs on the merits of the petitioner's remaining grounds:

(1) the petitioner has forty-five days after the respondent files the answer to file a brief in support of his petition;

(2) the respondent has forty-five days after the petitioner files his initial brief to file a brief in opposition;

(3) the petitioner has thirty days after the respondent files the opposition brief to file a reply brief, if he chooses to file such a brief.

The parties must submit their pleadings in time for the court to receive them by the stated deadlines.

Under Civil Local Rule 7(f), briefs in support of or in opposition to the habeas petition and any dispositive motions shall not exceed thirty pages, and reply briefs may not exceed fifteen pages—not counting any statements of fact, exhibits and affidavits. The court asks the parties to **double-space** any typed documents.

Dated in Milwaukee, Wisconsin this 30th day of September, 2024.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**